IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA JAY WILLIAMS                                                                                      PLAINTIFF

v.                                    Civil No.  14-5370

SHERIFF TIM HELDER, Washington
County, Arkansas; SOUTHERN
HEALTH PARTNERS, INC.; and
NURSE RHONDA BRADLEY                                                                          DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

Plaintiff is incarcerated in the Washington County Detention Center (WCDC).  He alleges his constitutional rights have been violated by Defendants' deliberate indifference to his serious medical needs.

The case is before the Court on two Motions to Dismiss: (1) a Motion to Dismiss (Doc. 6) filed by Separate Defendants, Nurse Rhonda Bradley and Southern Health Partners, Inc.(SHP); and, (2) a Motion to Dismiss (Doc. 11) filed by Separate Defendant, Sheriff Helder.  The Plaintiff has not responded to the motions.

**I.  BACKGROUND**

On November 1, 2014, SHP became the contract provider for medical care to detainees of the WCDC.  During the night of November 11, 2014, Plaintiff alleges he woke up with a serious pain in his head and began coughing up blood.  The next day, Plaintiff continued to spit up blood.

He indicates he told multiple staff members and also submitted a grievance via the kiosk system stating that he was in serious need of emergency medical care.

Late in the evening on November 16, 2014, or in the early morning hours on November 17, 2014, Plaintiff maintains it became hard for him to breathe. Plaintiff informed Deputy Garcia about his difficulty breathing and was told by Deputy Garcia that he would be back with the nurse. Deputy Garcia did not return. The following morning, Plaintiff asked Deputy Garcia why he did not return with the nurse and was told that the nurse on duty refused to see the Plaintiff.

Between November 12, 2014, and November 18, 2014, Plaintiff alleges that he repeatedly reported that he was spitting and coughing up blood but no nurse came to see him and no officer took him to the infirmary for emergency care. Plaintiff alleges that this failure to treat him continued for more than one hundred hours until he was finally seen on November 18, 2014.

On November 18, 2014, Plaintiff was seen by SHP staff. Plaintiff alleges Nurse Bradley refused to treat him despite it being clear that he was very ill. Plaintiff alleges Nurse Bradley informed him that they could not treat him. Further, he states he was refused any pain medication.

With respect to Nurse Bradley, Plaintiff alleges she denied him proper medical treatment multiple times between March of 2014 and November of 2014. By so doing, Plaintiff states Nurse Bradley has caused him a great deal of pain and suffering. He also alleges she violated the terms of the contract between SHP and Washington County and violated the Health Insurance Portability and Accountability Act (HIPAA). With respect to SHP, Plaintiff maintains it violated the HIPAA, violated the terms of its contract with Washington County, and neglected his medical care.

With respect to Sheriff Helder, Plaintiff alleges he is charge of the medical staff and allowed the medical staff to violate the contract between Washington County and SHP. Specifically,

Plaintiff alleges that Sheriff Helder allowed the medical staff to neglect Plaintiff's medical care. As relief, Plaintiff seeks compensatory and punitive damages.

## II. APPLICABLE STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(while pro se complaints are liberally construed, they must allege sufficient facts to support the claims).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. West v. Atkins, 487 U.S. 42 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for

deprivation of a constitutional right under § 1983. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

Keeping these principles in mind, I turn to an examination of the arguments raised in the two pending Motions to Dismiss. I will address each motion in turn.

### A.  Partial Motion to Dismiss (Doc. 6)  filed by SHP and Nurse Rhonda Bradley

The Medical Defendants argue that no official capacity claim has been stated against them. They, therefore, move for dismissal of all claims against SHP and dismissal of the official capacity claims against Nurse Bradley.

"Generally, a government entity is not liable for its employee's actions under § 1983." Keefe v. City of Minneapolis, 758 F.3d 1216, 1227 (8th Cir. 2015). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, the official capacity claims are treated as claims against Washington County. See Murray v. Lene, 595 F.3d 868, 873 (8th Cir. 2010).

"Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Turner v. Mulll, 784 F.3d 485, 490 (8th Cir. 2015)(internal quotation marks and citation omitted).

The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. *Speer v. City of Wynne*,

> 276 F.3d 980 (8th Cir. 2002); *Parrish v. Luckie*, 963 F.2d 201, 207 (8th Cir. 1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable"). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007).

Moyle v. Anderson, 571 F.3d 814, 817-18 (8th Cir. 2009)(citation omitted).

In Johnson v. Douglas County Medical Dept., 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom. It stated:

> To establish a claim for "custom" liability, [Plaintiff] must demonstrate:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and,
>
> 3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

Id., 725 F.3d at 828 (citations omitted).

When a corporation acts under color of state law, the proper test for determining official capacity liability is whether a policy, custom, or action by those whose actions may be said to represent official policy inflicted the constitutional injury. Burke v. N.D. Dep't of Corr. & Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002). Plaintiff has not alleged a plausible "policy" claim. In short, he has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." Jenkins v. County of Hennepin, 557 F.3d 628, 633 (8th Cir. 2009).

Merely alleging that procedures should be improved is insufficient. Id. Plaintiff has not pointed to a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority in such matters." Id.

As noted above, "a custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." Id. at 634 (internal quotation marks and citation omitted). Plaintiff has not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct. The Medical Defendants are entitled to dismissal of the official capacity claims.

### B. Motion to Dismiss (Doc. 11) filed by Sheriff Helder

Sheriff Helder maintains that the Complaint fails to state an actionable claim against him in his individual capacity. Sheriff Helder argues he was not personally involved in the underlying facts. As such, he contends he is entitled to dismissal of the individual capacity claims and to qualified immunity. Sheriff Helder also maintains that no official capacity claim has been stated against him. He asserts that Plaintiff has not stated or alleged any County policy, custom, or practice resulted in the alleged violation of Plaintiff's constitutional rights.

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. See Monell v. Department of Social Services, 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994); see also Whitson v. Stone County Jail, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability") (internal quotations

omitted); Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007) (quoting Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006)).

There are no allegations that Sheriff Helder was involved in anyway with the decision of what medical treatment Plaintiff should be given. Plaintiff has not alleged that he communicated in anyway with Sheriff Helder regarding any of his grievances or complaints. No plausible individual capacity claim has been stated against Sheriff Helder. This finding makes it unnecessary to determine if Sheriff Helder would be protected by qualified immunity.

With respect to the official capacity claim, Plaintiff alleges jail medical staff failed to treat him for one hundred hours, denied him proper medical treatment, violated the terms of the contract between the jail and SHP, and violated the provisions of HIPAA. I do not believe a plausible claim has been stated against Sheriff Helder. Plaintiff has not identified any policy that constitutes deliberate indifference to his serious medical needs or that amounts to punishment. Turner v. Mull, 784 F.3d 485, 489 (8th Cir. 2015).

To the extent Plaintiff attempts to base his claims in HIPAA, these claims fail because "HIPAA does not create a private right of action." Dodd v. Jones, 623 F.3d 563, 569 (8th Cir.

2010). Sheriff Helder is entitled to the dismissal of the official capacity claims against him. Sheriff Helder's Motion to Dismiss (Doc. 11) should be granted.

### IV. CONCLUSION

For the reasons stated, I recommend that the Partial Motion to Dismiss (Doc. 6) filed by Separate Defendants, Southern Health Partners, Inc. and Nurse Rhonda Bradley, be **GRANTED**. I further recommend that the Motion to Dismiss (Doc. 11) filed by Separate Defendant, Sheriff Helder, be **GRANTED.** This would dismiss all claims against Southern Health Partners, Inc., the official capacity claims against Nurse Bradley, and all claims against Sheriff Helder.

This leaves for later resolution the individual capacity claims against Nurse Bradley.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of July, 2015.

                                              /s/ *Mark E. Ford*
                                              HON. MARK E. FORD
                                              UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)